UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **GREG A. DELUCA,**<br>**Plaintiff**<br><br>v.<br><br>**TOWN OF NARRAGANSETT, by and through**<br>**its Finance Director, Christine Wilson,**<br>**Shawn Coutu and Andrew Mancini, individually**<br>**and in their official capacities as officers**<br>**employed by the Town of Narragansett,**<br>**Defendants** | :<br>:<br>:<br>:  C.A. No.:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

### I. Introduction

This is an action brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief as well as compensatory and punitive damages as a result of the actions and/or omissions of Defendants for violating the Plaintiff's rights protected under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, Article 1, §6 of the Rhode Island Constitution and common law.

### II. Parties

1. The Plaintiff is a resident of Ellicott City, State of Maryland.

2. Defendant Town of Narragansett ("Town") is a duly authorized and organized town pursuant to the laws of the State of Rhode Island and is sued by and through its finance director, Christine Wilson, the official designated by State Law, R.I.G.L. §45-15-5, to be named in a suit for relief against the Town.

3. Defendant Shawn Coutu ("Coutu") is sued individually and in his official capacity as a police officer employed by the Town Police Department.

4. Defendant Andrew Mancini ("Mancini") is sued individually and in his official capacity as a police officer employed by the Town Police Department.

### III. Jurisdiction

5. This Court has jurisdiction over the Plaintiff's claims under 42 U.S.C. 1983 pursuant to 28 U.S.C. §§1331 and 1343, and supplemental jurisdiction over Plaintiff's claims under Article 1, §6 of the Rhode Island Constitution and common law pursuant to 28 U.S.C. §1367.

### IV. Venue

6. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

7. On July 1, 2024, the Plaintiff was traveling south on Point Judith Road in Narragansett, Rhode Island when he saw flashing lights in the rearview mirror of his vehicle. The Plaintiff proceeded to drive a short distance until he could safely pull over to the side of the road.

8. Once stopped, Defendant Couto approached the Plaintiff's vehicle and informed him that he pulled him over because he was purportedly speeding and swerving over the white fog lines in the center of the road. Defendant Couto then asked Plaintiff if he had been drinking. The Plaintiff responded that he did not have anything to drink but had consumed a considerable amount of food while out for dinner.

9. As Defendant Coutu returned to his police cruiser to run routine checks on the Plaintiff, Defendant Mancini arrived at the scene, approached the Plaintiff's vehicle and asked him where he was coming from.

10. Defendant Coutu then returned to the Plaintiff's vehicle and asked him to step out of his vehicle to perform a series of sobriety tests. The Plaintiff agreed and exited his vehicle.

11. Once the Plaintiff stepped out of his vehicle, Defendant Coutu administered three different sobriety tests. While Plaintiff did not clearly fail any of the test, Defendant Coutu indicated to the Plaintiff that he was showing signs of impairment and asked him to turn around and place his hands behind his back.

12. The Plaintiff was then placed under arrest for suspicion of driving under the influence, refusal to submit to a chemical test and also charged with speeding 11+ mph and lane roadway violations.

13. On August 13, 2024, the Plaintiff's matter was heard at Washington County 4th Division District Court before Judge Patrick J. O'Neill. Judge O'Neill determined that the Defendants Coutu and Mancini insufficiently performed their duties as police officers and also that their recollection of the stop of the Plaintiff was questionable at best.

14. Furthermore, Judge O'Neill signed an Order granting the Plaintiff's Motion to Suppress any and all evidence pursuant to his matter, found that the decision of Defendants Coutu and Mancini to order the Plaintiff to step out of his vehicle was in violation of R.I.G.L. §31-21.2-5 as well as the Fourth Amendment of the Rhode Island Constitution and the United States Constitution, and concluded that any evidence obtained subsequently was inadmissible.

15. On August 19, 2024, the Plaintiff's matter was heard at the Rhode Island Traffic Tribunal before Magistrate Michael DiChiro, Jr.. After hearing thereon, it was ordered, adjudged and decreed that the charge of Chemical Test Refusal was dismissed, the charge of Speeding 11+ MPH in excess of the posted speed limit was dismissed, the charge of a lane roadway violation was dismissed and the suspension of Plaintiff's license was reinstated.

16. That Defendant Town is liable under the doctrine of *respondeat superior* for the negligent acts and/or omissions of its agents, including Defendants Coutu and Mancini, police officers employed by the Town Police Department, whose acts and/or omissions were within the scope of their employment and were the proximate cause of the injuries suffered by the Plaintiff. R.I.G.L. §9-31-1.

17. Defendants Coutu and Mancini knew or should have known that the seizure of the Plaintiff was without reasonable cause and was therefore unlawful under the circumstances.

18. At all relevant times, the Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to the Plaintiff's constitutionally protected rights. Furthermore, at all relevant times, the Defendants knew or should have known that their conduct would cause or contribute to the deprivation of Plaintiff's civil rights and cause the Plaintiff great harm.

19. As a proximate result of the Defendants' acts and/or omissions, including, but not limited to, these described herein, the Plaintiff has suffered and will continue to suffer severe physical pain and suffering, severe mental anguish, deprivation of his civil rights, attorneys' fees and other great damage.

### VI. Claims for Relief

20. The Plaintiff incorporates the allegations contained in paragraphs 1 through 19 above in the counts set forth below.

### Count One
### 42 U.S.C. §1983 (Unlawful Arrest)

21. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be illegally searched and seized in derogation of the Plaintiff's constitutional right to be free from

unreasonable searches and seizures, causing the Plaintiff to sustain damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

## Count Two
### Article I, §6 of the Rhode Island Constitution

22. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused the Plaintiff to be illegally searched and seized in derogation of the Plaintiff's constitutional right to be free from unreasonable searches and seizures, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution.

## Count Three
### Negligence

23. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, failed or refused to exercise reasonable care to avoid inflicting reasonably foreseeable harm to the Plaintiff, causing the Plaintiff to suffer damages as aforesaid.

## Count Four
### False Arrest

24. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did unlawfully and without cause detain and falsely arrest the Plaintiff in violation of state law, causing the Plaintiff to suffer damages as aforesaid.

## Count Five
### Malicious Prosecution

25. Defendants, by their individual and concerted acts and/or omissions including, but not limited to, those described herein, maliciously instituted a criminal action against the Plaintiff

without probable cause that terminated in the Plaintiff's favor, causing the Plaintiff to sustain damages as aforesaid.

### VII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief against the Defendants:

a. a declaratory judgment that the Defendants, in the manner described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, and Article I, §6 of the Rhode Island Constitution by causing the Plaintiff to be unlawfully seized;

b. an award of compensatory damages;

c. an award of punitive damages;

d. an award of reasonable attorney's fees and costs of litigation to the Plaintiff's attorney pursuant to 42 U.S.C. §1983; and,

e. such other and further relief as the Court deems just and proper.

### VIII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

### IX. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire as trial counsel.

                                        Plaintiff,
                                        By his attorneys,

Date: July 21, 2025                     /s/ V. Edward Formisano
                                        V. Edward Formisano (#5512)
                                        Formisano & Company, P.C.
                                        100 Midway Place, Suite 1
                                        Cranston, RI  02920
                                        (401) 944-9691
                                        (401) 944-9695 (facsimile)
                                        Email: edf@formisanoandcompany.com

## **CERTIFICATION**

     I hereby certify that on the 21st day of July 2025, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

                                        /s/ V. Edward Formisano